**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| David Cook, | Civil Action No.: _____ |
|                 Plaintiff, | |
| v. | |
| RentGrow Inc., | **COMPLAINT** |
|                 Defendant. | |

For this Complaint, Plaintiff, David Cook, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, David Cook ("Plaintiff"), is an adult individual residing in Conway, SC, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant, RentGrow, Inc. ("RentGrow" or "Defendant"), is a Delaware business entity with a principal place of business in Waltham, Massachusetts. RentGrow is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f). RentGrow is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## FACTUAL ALLEGATIONS

5. In January 2018, Plaintiff submitted an application to lease an apartment from Canterbury Apartments ("Canterbury"), which is located in South Carolina.

6. Thereafter, Canterbury submitted Plaintiff's information to RentGrow for a background and credit check.

7. On or about January 3, 2018, RentGrow performed a background and credit check, which included a criminal records search, and furnished the results to Canterbury.

8. That same day, Canterbury notified Plaintiff that his rental application had been denied due to items found in his background check, and that RentGrow would email him an explanation of the decision.

9. According to RentGrow's email and the report provided to Plaintiff, his application was rejected due to a pending criminal case in Conway, SC.

10. However, the information provided by RentGrow to Canterbury was inaccurate.

11. In fact, the case against Plaintiff was dismissed on September 3, 2015.

12. On January 4, 2018, Plaintiff notified RentGrow of this error and disputed the inaccurate information contained in the report.

13. However, at that time RentGrow told Plaintiff that the dispute investigation would take up to thirty (30) days to complete, at which time Plaintiff will not have a place to live because his current lease will have expired.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency

prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

16. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

17. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

18. These failures were the direct cause of the denial of Plaintiff's application for an apartment with Canterbury, which has damaged Plaintiff.

19. As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);
2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);
4. Attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 6, 2018

                                        Respectfully submitted,

                                        By   /s/ Sergei Lemberg

                                        Sergei Lemberg (BBO# 650671)
                                        LEMBERG LAW, L.L.C.
                                        43 Danbury Road, 3rd Floor
                                        Wilton, CT 06897
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        Attorneys for Plaintiff