**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| David Cook, | Civil Action No.: 1:18-cv-10030-DJC |
| Plaintiff, | |
| v. | |
| RentGrow Inc. and Backgroundchecks.com, | **FIRST AMENDED COMPLAINT** |
| Defendants. | |

For this First Amended Complaint, Plaintiff, David Cook, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, David Cook ("Plaintiff"), is an adult individual residing in Conway, SC, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant, RentGrow, Inc. ("RentGrow" or "Defendant" and collectively with Backgroundchecks.com "Defendants"), is a Delaware business entity with a principal place of business in Waltham, Massachusetts. RentGrow is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u). RentGrow is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by

15 U.S.C. § 1681(a)(d), to third parties.

5. Defendant, Backgroundchecks.com ("Backgroundchecks.com or "Defendant" and collectively with RentGrow "Defendants") is a Texas business entity with a principal place of business in Dallas, Texas. Backgroundchecks.com is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f). Backgroundchecks.com is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## FACTUAL ALLEGATIONS

6. In January 2018, Plaintiff submitted an application to rent an apartment from Canterbury Apartments ("Canterbury"), which is located in South Carolina.

7. Canterbury requested a consumer report to be used in consideration with Plaintiff's rental application.

8. Thereafter, Canterbury submitted Plaintiff's information to RentGrow for a background and credit check.

9. Upon information and belief, RentGrow submitted a request to Backgroundchecks.com to obtain information regarding criminal history for Plaintiff.

10. On or about January 3, 2018, RentGrow furnished the results of Plaintiff's background and credit check, which included a criminal records search, to Canterbury.

11. That same day, Canterbury notified Plaintiff that his rental application had been denied due to items found in his background check, and that RentGrow would email Plaintiff an explanation of the decision.

12. Plaintiff's rental application was denied as a result of Defendants' reporting of derogatory and inaccurate statements and information relating to Plaintiff.

13. In Plaintiff's Property Screening Report dated January 4, 2018, it states, "Application Result: Reject Applicant" and "Reasons for Result: Criminal History Does Not Meet Property Requirements" and "Criminal Records Found."

14. According to the report, Plaintiff's application to Canterbury was rejected due to a pending criminal case in Conway, SC.

15. The alleged pending criminal case against Plaintiff that was reported by Defendants was dismissed on September 3, 2015, at the victim's request.

16. Public records show that Plaintiff does not have any pending criminal cases against him.

17. Defendants did not follow any procedure to assure the accuracy of the consumer report that was furnished to Canterbury in the consumer report relating to Plaintiff.

18. On January 4, 2018, Plaintiff notified RentGrow of the error in the consumer report and disputed the inaccurate information contained in the report.

19. RentGrow advised Plaintiff that the dispute investigation would take up to thirty (30) days to complete, at which time Plaintiff would not have a place to live because Plaintiff's current lease was about to expire.

20. Defendants failed to take any steps to verify the accuracy of the information contained in Plaintiff's consumer report before furnishing to Canterbury the inaccurate report containing damaging information to Plaintiff's character and reputation.

21. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of its

agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

25.     In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

26.     Defendant violated §§ 1681e(b) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

27.     These failures were the direct cause of the denial of Plaintiff's application for an apartment with Canterbury, which has damaged Plaintiff.

28.     As a result of Defendants' violations of §§ 1681e(b) of the FCRA, Plaintiff is entitled to damages, costs and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 2, 2018

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 2, 2018, a true and correct copy of the foregoing First Amended Complaint was served electronically by the U.S. District Court for the District of Massachusetts Electronic Document Filing System (ECF) and that the document is available on the ECF system.

      By /s/ Sergei Lemberg

      Sergei Lemberg